## John Hollander *v.* His Creditors.

The privilege allowed by the act of 1843, on the crop, for supplies furnished to a plantation, extends only to such as are necessary for the plantation. It does not embrace supplies furnished for the use of the planter or his family, beyond plantation fare; and, consequently, does not embrace cogniac, annisette, cigars or ice.

The privilege allowed to overseers on the crop, is superior to that of the furnisher of supplies.

Syndics of insolvents are allowed five per cent on all estates, not exceeding $50,000, unless the creditors have fixed the amount of his commissions at the beginning of the proceedings.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *E. Simon*, for appellant. The judgment of the court was pronounced by

Rost, J. *P. J. Pavy & Co.*, who are creditors of the insolvent, and opposed the tableau of distribution filed by the syndic, have appealed from the judgment of the court on said tableau, and alleged the following grounds of error:

1st. That the judge "*a quo*" should have allowed them the whole amount claimed in their opposition, as a privilege debt on the net proceeds of the crop ; said debt having been contracted, in contemplation of said crop, as advances made thereon, and for necessary supplies and provisions furnished the insolvent for his plantation and family, in the course of the year 1849.

2d. The privilege allowed *William Robertson*, for $150, on the proceeds of the crop, should have been rejected ; but, if properly allowed, it should be classed only as an inferior privilege to that of the opponents; so it should be with regard to all the other privileges claimed on the crop for supplies, hire of hands, &c., which should be considered as inferior to the opponents ; or, at least, as subject to be paid concurrently with the opponents on the proceeds of the crop.

3d. The syndic's commission, as definitive syndic, is enormous, extravagant and excessive, and has been allowed contrary to the evidence adduced ; it should be reduced to its proper and reasonable quantum.

1st. The act of 1843, amending art. 3184 of the code, provides that debts due for necessary supplies furnished to any farm or plantation, shall be entitled to a privilege on the crop, for the making of which those supplies were furnished. It was incumbent upon the opponents to have brought their case within this rule, and, we are unable to say, that we have done so to a larger amount than the sum allowed by the district court as a privilege. Their account is made out in such a manner, as to render it impossible to ascertain their rights with precision. Things, which are clearly plantation supplies, such as corn and pork, are mixed

up with other articles, which they are well aware are not supplies, such as HOLLANDER cogniac, annisette, cigars, and large quantities of ice, the latter article greatly HIS CREDITORS preponderating ; and the total amount of each invoice is charged, without showing the cost of the different articles it includes.   The uncertainty, thus created by the opponents, may have been prejudicial to them in the district court, but it is not in our power to relieve them from the legal consequences of their negligence.   We are of opinion, that the  privilege must be limited to necessary supplies furnished to the plantation, and that it does not extend to supplies furnished to the family of the planter, beyond plantation fare.

The opponents have no privilege on the crop for the reimbursement of the sum of $1000, which they advanced to the insolvent, at various times, during the course of the year in which he failed.   This advance is not one of those contemplated by article 3214 of the code, and it is not shown that it was extended in the payment of necessary supplies for the plantation ; it appears, on the contrary, that a large portion of it was applied by the insolvent to the payment of old debts.

2d.   We see no objection to the privilege allowed to *Robertson.*   All the privileges created by article 3184 of the code, as amended by the act of 1843, are equal in rank, with the exception of the privilege for the wages of the overseer, which, by the second section of that act, is declared to be superior in rank to that of the furnisher of supplies ; this exception evidently confirms the rule.

3d.   The commission of the syndic was not fixed by the creditors, it must therefore be allowed under the act of 1846, which provides, that when the commissions of the syndic have not been fixed by the creditors, commissions shall be allowed at the following rates, to wit, five per cent on all sums not exceeding $50,000, &c.   The amount of the assets, in this case, being under $50,000, the syndic is clearly entitled to the commission of five per cent, which the district court has allowed him.   The creditors might have reduced it at the beginning, but as they omitted to do so, the law leaves us no discretion.

The judgment is affirmed, with costs.